would be favorable to him and then, after rendition of such a verdict, be permitted to withdraw his pending motion for a mistrial. Gulotta, P. J., Hopkins, Latham and Brennan, JJ., concur.

ROBERT PRESTI, Respondent, v. FRANK J. CALDWELL, Appellant. (Action No. 1.) — Order of the Supreme Court, Nassau County, dated July 24, 1973, affirmed, with $20 costs and disbursements. No opinion. The discovery and inspection shall proceed at the place directed in the order under review at a time to be specified in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as may be agreed by the parties. Gulotta, P. J., Martuscello, Shapiro, Benjamin and Munder, JJ., concur.

ROBERT PRESTI, Respondent, v. FRANK J. CALDWELL, Appellant. (Action No. 2.) — Order of the Supreme Court, Nassau County, dated July 24, 1973, affirmed, with $20 costs and disbursements. No opinion. The discovery and inspection shall proceed at the place directed in the order under review at a time to be specified in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as may be agreed by the parties. Gulotta, P. J., Martuscello, Shapiro, Benjamin and Munder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOE L. GREENE, Appellant.— Judgment of the Supreme Court, Queens County, rendered March 10, 1972, affirmed. No opinion. The case is remitted to the Supreme Court, Queens County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Hopkins, Acting P. J., Martuscello, Latham and Cohalan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL LOUIS JOHNSTON, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered June 6, 1973 on resentence, affirmed. No opinion. Martuscello, Acting P. J., Christ, Benjamin and Munder, JJ., concur; Shapiro, J., dissents and votes to remand the case to the trial court for a hearing, with the following memorandum: I can understand the sentencing court's reluctance to give this defendant another " crack" at the case in view of his clear guilt, evidenced by his prior admission. However, when brought before the court for resentence, defendant made clear that he was dissatisfied with his lawyer because she had lied to him, by promising him a lighter sentence, and that he claimed he was not guilty. At this point the sentencing court could not properly summarily express its disbelief of defendant and proceed to sentence him. Under the circumstances, the court should have conducted a hearing on the issue of the withdrawal of the guilty plea (People v. McClain, 32 N Y 2d 697).

QUEENSBORO LEASING CORP., Respondent, v. JOSEPH SHAW, Appellant, et al., Defendant.— In an action to recover damages for breach of a lease of an automobile, the lessee, defendant Shaw, appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 19, 1973, which, upon cross appeals by him and the plaintiff-lessor, modified a judgment of the Civil Court of the City of New York, Queens County, entered April 14, 1972, which was in favor of plaintiff against said defendant, after a nonjury trial, the modification increasing plaintiff's principal recovery from $2,235.10 to $2,806.33. Order reversed, on the law and the facts; judgment of said Civil Court, entered April 25, 1973 upon said order of the Appellate Term, vacated; and said original judgment of the Civil Court, entered April 14, 1972, reversed, with costs to defendant Shaw against plaintiff; motion by defendant at the trial to amend his answer to assert a counterclaim for $250 granted; judgment granted in